Grimke, J.
The issue which the defendant attempts to make in this ease, appears to me to be entirely irregular. It contradicts all the most settled principles by which a court of chancery is governed. I doubt whether it would be competent for this court to re-examine a title which has been heard and determined in a court of law, and of which a court of law appropriately and exclusively had cognizance. It is not like an issue directed out of chancery, where the court is at liberty, notwithstanding the finding of a jury, to make up a decree upon its own opinion of the merits of the controversy. In that case the proceedings originate jn a court of equity; the issue at law is not a matter- of course, it depends upon the discretion of the court, and the verdict in the other court is so merely auxiliary to the proceedings in chancery that it does not necessarily constrain this last court to renounce an opinion which may be directly adverse to it: I admit, indeed, that if this bill were filed under section 14 of the chancery act, it would be competent for the court to examine the title, because there also the proceeding is an original one in chancery. But neither of these is the case here; the bill is framed under the general jurisdiction which a court of.chancerv exercises in cases of this kind, which is to quiet a party in the possession of a title which has been already tried and determined at law, and which fact alone almost gives a complainant a peremptory right to demand a perpetual injunction against any further disturbance of his -350] right. Section 14 of the ^statute, to which I have referrodj confers upon a complainant a greater advantage than he before possessed, inasmuch as it does not require a previous trial at law. •But this complainant has not pursued this summary remedy; he • is satisfied with procuring the more difficult and arduous relief which a court of chancery, independently of statute, is in the ordinary habit of granting. He presents a case, where, upon a controversy relating to the boundary of land, he has obtained two verdicts and judgments in ejectment, and where, in addition to this, the validity of his title has been still further fortified by a re-examination of the law of the case in the court of highest resort. The extreme inconsistency and confusion which would be produced, if in the present suit the merits of the original controversy were to be tried, will be evident on the slightest reflection.
This proceeding could not be here if the title had not been previously determined at law. It is that which gives the equity *351 court its whole jurisdiction, because the controversy involving a matter which pertains exclusively to a court of law, the court of chancery can only determine, not whether the title has been rightly found at law, but whether sufficient effort has been made in order to its being rightly found. If this were not the case the j>arties and the court would be moving in a perpetual circle, and the controversy could never be terminated. I do not mean to say that a court of chancery may not decline the relief asked, but that will still be, not because it puts a different construction on the title, but because the case does not assume a shape for equitable interposition.
Now what is tho rule which is usually and habitually administered in cases of this kind? It is that a complainant shall be in possession, and that he shall have established his right at law. No precise number of trials -is necessary. “I am inclined to think,” says Kent, C. J., in Huntington v. Rickall, 3 Johns. 601, “that there is no positive rule as to the number of verdicts which must precede the bill of peace.” Story, in his Commentaries, vol. 8, p. 152, says' the same : “If,” says he, “the trial has been satis.laetorily established at law, it is not material *what number [351 trials have taken place, whether two or more.” Can there be a doubt, then, but that this complainant is entitled to the relief he asks? The mere history of the case, in its progress through the other court, demonstrates that the title has been satisfactorily es. tablished. The questions of law were elaborately argued and carefully examined by the court; and although we have properly nothing to do with the nature of the title now, yet we have again re-examined it, and are satisfied that the principle which was determined at law was correct. That principle was, that in executing surveys under the laws of the United States the mere marking s corner by the surveyor establishes no boundary, but each marked corner is controlled by the actual division linos made, field notes of which are returned to the proper officers and preserved according to law. This is no more than declaring an acknowledged principle, that in surveys executed by the officers of the United States the lines legally run and established by them, and not those which are arbitrarily and mistakenly drawn, constitute the true boundaries of the land. The plaintiff is therefore entitled to a decree for a perpetual injunction, securing him against any further disturbance of the title and possession of the land. Decree for the complainant.