Johnson, J.
If Sampson had an insurable interest in the property at the time of the loss, he was entitled to recover. The quantity of that interest is not material, if it was substantial and valuable. If his relations to the property were such as that he would derive pecuniary value from its preservation, he has such interest. May on Insurance, chap. 4; "Wood on Insurance, chap. 8.
It must be conceded, that, as mortgagor in possession, the decree of foreclosure and order of sale, did not divest him of his insurable interest, neither did the unauthorized sale, for until the payment of the purchase money, and the order of confirmation of an authorized sale, he still might redeem if the order was reversed or set aside. Borer on Jud. Sales, §§ 128, 129.
The sale was confirmed February 13, the loss happened February 14, the order of confirmation was vacated March 15. and the property was subsequently sold and conveyed to a stranger, to whom possession was surrendered by the mortgagor. That the court had the power for sufficient cause to make the order of March 15, cannot now be controverted. The effect of this order was to decide that the property had not been regularly sold as authorized by law, and such was the fact. When the former order confirming the sale had been vacated, and the sale to Weaver, one of the mortgagees, set aside, in due course of law, the parties stood as if no sale had ever been made. This principle is settled by McBain v. McBain, 15 Ohio St. 337, where it was held, that where an order confirming a sale to a party is reversed, after a sheriff’s deed has been executed and delivered, the title, if any, of the purchaser is divested by the order of reversal. It is there said, “ that the confirmation having been reversed and set aside it becomes a nullity, and the case stands, at least as to parties, as though no confirmation had ever been made.” A fortiori, the result must be the same in the case at bar, when the court at the same term, and for a reason that would warrant a reversal on error, vacates its own order, and sets the sale aside.
In such a case the mortgagor is entitled to redeem, until . *676 the property is again regularly sold, and his interest thereby divested. Hubbell v. Broadwell, 8 Ohio, 120.
In a case of a sale of property to a stranger, a subsequent reversal of the judgment does not divest the purchaser’s title. Rev. Stat. § 5409. But this statutory rule, which applies only to purchases by strangers, when the judgment is reversed, does not apply to a mortgagee who is a party, nor where the order of sale or confirmation is reversed. In such cases, the rule is as stated in McBain’s case. Whether in the present case the result would be different if the purchaser was a stranger, was discussed in McBain’s case, but need not now be considered. Much reliance is, by the plaintiff in error, placed on the case of Mt. Vernon Man. Co. v. The Summit Co. Mut. F. Ins. Co., 10 Ohio St. 347. In that case there was no question as to the power of the court to vacate its own orders improperly made at the same term of court. Certain chattel property had been purchased by a mortgagee in possession, and an order applying the proceeds to the debt secured had been made. Subsequently, the property, while in the purchaser’s possession, was destroyed by fire. At the next term of the court, by consent of parties, the sale and confirma-tion was set aside. It was held, that as no order of confirmation was necessary of the personalty, and as the purchaser had been in possession several months, the order setting the sale aside could not divest the purchaser’s title. The right of the insurance company as against the mortgagor had been fixed by the sale to the mortgagee, and the action of the court could not restore the policy to its original vigor, so as to cover a loss, for which it was not liable when the loss occurred. We are not inclined to carry the principle of that case beyond the facts there stated. The distinction between the two cases is radical. In that, there was a regular sale, which passed the title without confirmation. In this, the sale was unauthorized, and subject to reversal on error, or to be set aside by the court in a proper proceeding. In- that, the consent of all the parties could not divest the purchaser of his title, arid re-invest the mortgagor with an insurable interest, which had passed from him by the sale. In this, the sale, being invalid, passed no title, and was *677 subject to be set aside or reversed on error at the instance of the mortgagor. In that, there was a valid sale, by which the property passed to the purchaser; while in this, it did not, as the proceedings were annulled by proper authority. We therefore hold, that on the facts of this case, the order of confirmation and sale was properly set aside, and that the mortgagor in possession was not, by such sale and confirmation, divested of his insurable interest in the property.

Judgment affirmed.